IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

HARTFORD HOSPITAL,
80 Seymour Street
Hartford, CT 06102,

          *Plaintiff*,

v.

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201,

XAVIER BECERRA, in his official capacity as
Secretary of Health and Human Services,
200 Independence Avenue SW
Washington, DC 20201,

HEALTH RESOURCES & SERVICES
ADMINISTRATION,
5600 Fishers Lane
Rockville, MD 20857,

*and*

CAROLE JOHNSON, in her official capacity as
Administrator of the Health Resources & Services
Administration,
5600 Fishers Lane
Rockville, MD 20857,

          *Defendants*.

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER OR, ALTERNATIVELY, PRELIMINARY INJUNCTION**

    Plaintiff Hartford Hospital files this emergency motion for a temporary restraining order (TRO) or, in the alternative, preliminary injunction under Fed. R. Civ. P. 65, in Hartford Hospital's action under 5 U.S.C. § 706 for judicial review of the Defendants' Phase 3 reconsideration and

ORAL ARGUMENT REQUESTED
BEFORE JUNE 1, 2023

Phase 4 payment determinations denying $42,934,851.37 in provider relief fund (PRF) dollars.

The determinations are clearly unlawful because they are clearly arbitrary and capricious. The Health Resources and Services Administration (HRSA) of the U.S. Department of Health and Human Services (HHS) based them solely on a scrivener's error that Hartford Hospital made when reporting its revenues in a field in its Phase 3 application. HRSA knew about the scrivener's error, knew that the uncontroverted corrected revenue figure was located elsewhere in the application, and repeatedly and inexplicably construed the inconsistency against Hartford Hospital to deny the PRF dollars.

The deprivation of the PRF dollars is irreparably harming Hartford Hospital by diminishing Hartford Hospital's ability to pursue its charitable mission. Hartford Hospital now faces the imminent threat of permanently losing access to PRF dollars on June 1, 2023, when legislation rescinding appropriations of unobligated PRF dollars is likely to become law. The permanent loss of access to PRF dollars would compound the ongoing irreparable harm to Hartford Hospital.

Under any standard of review, Hartford Hospital is entitled to emergency relief that stops the irreparable harm. The Court should restrain the Defendants from enforcing their PRF Phase 3 and 4 determinations against Hartford Hospital. Then it should order them to immediately obligate the full $42,934,851.37 in PRF dollars sought by Hartford Hospital subject to the reprocessing of Hartford Hospital's Phase 3 and 4 applications, without engaging in the same arbitrary and capricious conduct. The order should require the Defendants to complete the reprocessing, determine the final PRF dollars payable to Hartford Hospital, and actually pay those dollars to Hartford Hospital by May 31, 2023. The immediate obligation of PRF dollars will stop a rescission on June 1, 2023 from compounding the ongoing irreparable harm. Payment by May 31 will stop the irreparable harm altogether.

ORAL ARGUMENT REQUESTED
BEFORE JUNE 1, 2023

Hartford Hospital further explains why it is entitled to emergency relief in its supporting memorandum of law accompanying this motion.  The memorandum of law identifies the sworn factual testimony and parts of the administrative records that Hartford Hospital relies upon.  All of those evidentiary materials are part of the verified complaint filed by Hartford Hospital in the action.

There is good cause for expedited consideration of this motion under L.R. 7: the Defendants' conduct is clearly arbitrary and capricious, Hartford Hospital is currently sustaining irreparable harm, and Hartford Hospital faces the imminent threat of greater irreparable harm on June 1, 2023.  The Court should grant the relief sought by Hartford Hospital before June 1, 2023, regardless of whether the Defendants can be heard in opposition by that date, because "immediate and irreparable injury, loss, or damage will result to" Hartford Hospital otherwise.  *See* Fed. R. Civ. P. 65(b)(1)(A).

Counsel certifies that Hartford Hospital provided the Defendants with notice of the filing of the action and this motion yesterday, May 22, 2023.  Specifically, counsel emailed a draft of the complaint to the HHS Office of the General Counsel (OGC) in Washington, D.C. and informed OGC that Hartford Hospital planned to file this motion as early as today, May 23, 2023.  OGC acknowledged receipt.  Counsel communicated the same information to the United States Attorney's Office for the District of Connecticut (USAO) yesterday by email and voicemail.  The USAO acknowledged receipt.

For the reasons stated here and in the accompanying memorandum of law, the Court should order all of the relief sought in this emergency motion before June 1, 2023.

ORAL ARGUMENT REQUESTED
BEFORE JUNE 1, 2023

Dated: May 23, 2023  Respectfully submitted,

//s// James J. Healy (ct28447)
James J. Healy
Federal Bar No. ct28447
Cowdery, Murphy, Dannehy & Healy, LLC
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
(860) 278-5555
jhealy@cmdhlaw.com

*Pro Hac Vice Forthcoming*

Brian R. Stimson
D.C. Bar No. 1657563
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
bstimson@mwe.com

*Attorneys for Plaintiffs*

ORAL ARGUMENT REQUESTED
BEFORE JUNE 1, 2023

CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

//s// *James J. Healy (ct28447)*
James Healy

ORAL ARGUMENT REQUESTED
BEFORE JUNE 1, 2023
