IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARTFORD HOSPITAL,<br>80 Seymour Street<br>Hartford, CT 06102,<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>HEALTH RESOURCES & SERVICES ADMINISTRATION,<br>5600 Fishers Lane<br>Rockville, MD 20857,<br><br>and<br><br>CAROLE JOHNSON, in her official capacity as Administrator of the Health Resources & Services Administration,<br>5600 Fishers Lane<br>Rockville, MD 20857,<br><br>        *Defendants*. | CIVIL ACTION NO. 3:23-cv-667-SVN |

**PLAINTIFF HARTFORD HOSPITAL'S SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY
<u>RESTRAINING ORDER OR, ALTERNATIVELY, A PRELIMINARY INJUNCTION</u>**

  Plaintiff Hartford Hospital submits this Supplemental Memorandum of Law in compliance with the Court's Order of May 23, 2023.

  The Court has the authority to order the relief sought by Plaintiff Hartford Hospital in its

1

Motion for a Temporary Restraining Order or, Alternatively, a Preliminary Injunction.

Hartford Hospital asked the Court to restrain the Defendants from enforcing the Provider Relief Fund (PRF) Phase 3 and 4 determinations against HRSA, and to order the Defendants to immediately record the obligation of the full $42,934,851.37 in PRF dollars sought by Hartford Hospital subject to the Defendants reprocessing Hartford Hospital's Phase 3 and 4 applications. Hartford Hospital further requested that the order require the Defendants to complete the reprocessing, determine the final PRF dollars payable, and actually pay those dollars to Hartford Hospital by May 31, 2023. That relief is consistent with *Rochester Pure Waters District v. E.P.A.*, 960 F.2d 180 (1992) and presents no separation-of-powers problem. It also aligns with the federal law and expert opinions that govern the accounting of obligations of appropriated funds.

## I. The relief sought by Hartford Hospital presents no separation-of-powers problem

In *Rochester*, the U.S. Court of Appeals for the District of Columbia Circuit reversed a permanent injunction suspending a congressional rescission of specific agency funds pending the agency's final resolution of the applicants' administrative appeals for the funds. *Id*. at 182. The D.C. Circuit reasoned that "a court cannot order the obligation of funds for which there is no appropriation," nor may a court "appropriate funds from which an obligation may be made." *Id*. at 184. It also rejected the applicants' argument that their claim had matured into an obligation against the United States that was unaffected by the recission. *Id*. at 186. For support, the applicants pointed to the district court's issuance of a TRO against the agency before the rescission. *Id*. But the TRO "simply mandated that the EPA set aside funds to pay a possible judgment," without compelling the EPA to record an obligation. *Id*. The D.C. Circuit did not reach the question of whether Congress may rescind obligated funds. *Id*.

The D.C. Circuit recognized in *Rochester* that *Jacksonville Port Authority v. Adams*, 556

F.2d 52 (D.C. Cir. 1977) remains good law. 960 F.2d at 184-85. The applicant in *Jacksonville Port Authority* sought a grant from the FAA. *Id*. The applicant sued for a TRO compelling the FAA to obligate funds equal to the amount of the grant before the lapse of the FAA's statutory authority to obligate grant funds. *Id*. The D.C. Circuit held that "the district court abused its discretion by failing to enter the TRO" compelling the FAA to obligate the funds. *Id*.

This case resembles the district court phase of *Jacksonville Port Authority,* not *Rochester*. There is presently a valid appropriation of funds for the Defendants. The Defendants stand to lose their authority to obligate the appropriated funds. Hartford Hospital seeks a TRO compelling the Defendants to record the obligation of the appropriated funds *before* the Defendants lose that authority. Hartford Hospital does not seek a permanent injunction suspending a congressional rescission that has become effective. Nor does Hartford Hospital ask the Court to exercise its equitable powers and compel the parties to act as if the Defendants had recorded the obligation of the funds before a congressional rescission.

This case differs from the district court phase of *Jacksonville Port Authority* in one regard: it involves an imminent rescission of statutory authority, not a scheduled lapse. That difference is immaterial to the analysis because both rescissions and lapses extinguish the authority of the agency to obligate appropriated funds. A loss of authority deprives the applicant of access to funds regardless of whether it occurs due to a rescission or lapse.

The relief sought by Hartford Hospital at this point in time is squarely within *Jacksonville Port Authority*. It does not present the separation-of-powers problem in *Rochester*.

Plus, the debt-ceiling legislation pending before Congress would rescind only *unobligated* PRF dollars. Congress.gov, H.R. 2811 – Limit, Save, Grow Act of 2023, https://www.congress.gov/bill/118th-congress/house-bill/2811/actions (emphasis added). PRF

dollars that are obligated before the effective date of such legislation would fall outside the rescission. The immediate recordation of the obligation of $42,934,851.37 in PRF dollars would protect Hartford Hospital against such a rescission that becomes effective June 1, 2023.[1]

## II. The Defendants may record the obligation of the PRF dollars as a subsidy, a liability that may result from pending litigation, or other legal liability

"[I]n very general and simplified terms, an 'obligation' is some action that creates a legal liability or definite commitment on the part of the government, or creates a legal duty that could mature into a legal liability by virtue of an action that is beyond the control of the government. Payment may be made immediately or in the future." GAO Redbook, 7-3, 7-4, https://www.gao.gov/assets/2019-11/202819.pdf (internal citations omitted).[2] "[T]he term 'obligation' includes both matured and unmatured commitments. A matured commitment is a legal liability that is currently payable. An unmatured commitment is a liability which is not yet payable but for which a definite commitment nevertheless exists." *Id*. 7-4. (same)

"Recording evidences the obligation but does not create it. If a given transaction is not sufficient to constitute a valid obligation, recording it will not make it one. Conversely, failing to record a valid obligation in no way diminishes its validity or affects the fiscal year in which it is property chargeable." *Id*. 7-8 (same). "An amount shall be recorded as an obligation … only when supported by documentary evidence of … a … *subsidy* payable … from appropriations made

---

[1] Hartford Hospital's position is that a congressional rescission that is not expressly limited to unobligated funds does not void a valid obligation. *Cf. The Honorable Richard Shelby*, B-329739 (Comp.Gen.), 2018 WL 6630217, *4 (Dec. 18, 2018) ("[O]nly one chamber of Congress has passed the bill that proposed the rescission … [i]n the same way a cancellation proposal does not constitute a duly enacted law, an unenacted bill … is not a law and, on its own, does not provide a legal basis for withholding funds from obligation.").

[2] The GAO Redbook is "a basic reference work covering those areas of law in which the Comptroller General issues decisions." *Id*. Page i. "The Comptroller General is a legislative official who heads the Government Accountability Office [GAO]." *U.S. Dept. of Navy v. Federal Labor Relations Authority*, 665 F.3d 1339, 1349 n.4 (D.C. Cir. 2012) (internal citations omitted). The D.C. Circuit "regards the assessment of GAO and thus, the Comptroller General as an expert opinion … *Id*. at 1349 (same).

for payment of, … amounts required to be paid … under formulas prescribed by law ... or … under plans approved consistent with and authorized by law; *a liability that may result from pending litigation*; … or *other legal liability* for the Government against an available appropriation or fund." 31 U.S.C. §§1501(a)(5)(A), (a)(5)(C), (a)(6), (a)(9) (emphasis added).

The Government characterizes PRF dollars as "Federal financial assistance." Off. of Mgmt. & Budget, Exec. Off. of the President, Compliance Supplement, 2 C.F.R. Part 200, App. XI, 4-93.498-1-4.93.498-11 (2022).  The Defendants must pay PRF dollars consistent with the eligibility requirements prescribed by the appropriations statutes, under plans that the Defendants approved pursuant to the same statutes.  Coronavirus, Aid, Relief and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281,563 (2020); Paycheck Protection Program and Health Care Enhancement Act (PPPHCEA), Pub. L. No. 116-139, 134 Stat. 620, 622-23 (2020); and the Consolidated Appropriations Act, 2021 (CAA), Pub. L. No. 116-260, 134 Stat. 1182, 1920-21 (2020).  The Defendants have a legal duty to pay the PRF dollars sought by Hartford Hospital so long as Hartford Hospital meets the statutory eligibility requirements and appropriated funds remain available.  CARES Act, 134 Stat. 563; PPPHCEA, 134 Stat. 622-23; and CAA, 134 Stat. 1920-21 (2020).  Hartford Hospital has shown that it meets the statutory eligibility requirements, Complaint, ¶¶ 36, 51; and funds remain available.  The Government may therefore treat the PRF dollars as a subsidy and record them as obligated on that basis.

The Government must record "an obligation in cases where the government is definitely liable for the payment of money out of available appropriations and the pending litigation is for the purpose of determining the amount of the government's liability." GAO Redbook, 7-44, 7-45. There is no dispute that the Government is liable for the payment of money out of the appropriations that feed the PRF; it already made a Phase 4 bonus payment to Hartford Hospital.

Complaint, ¶ 54. The only dispute is how many more PRF dollars the Government must pay to Hartford Hospital. The Government may thus record the PRF dollars here as "a liability that may result from pending litigation" under 31 U.S.C. § 1501(a)(6).

"The final standard for recording obligations … is sort of a catch-all category designed to pick up valid obligations which are not covered" by other provisions of § 1501. GAO Redbook, 7-55. "If a given item is a legal liability of the United States, if appropriations are legally available for the item in terms of purpose and time, and if the item does not fit under any of the other eight subsections, then subsection (a)(9) should be considered." *Id*. To the extent the PRF dollars sought by Hartford Hospital qualify as neither a "liability that may result from pending litigation" nor a "subsidy," they are an "other legal liability" that must be recorded.

*\*\*\**

There is no separation-of-powers problem here. The Court has the authority to order the emergency relief sought by Hartford Hospital and permit the Defendants to record an obligation using any one of the pathways available to the Defendants under 31 U.S.C. § 1501.

| | |
|---|---|
| Dated: May 24, 2023 | Respectfully submitted, |

//s// James J. Healy (ct28447)
James J. Healy
Federal Bar No. ct28447
Cowdery, Murphy, Dannehy & Healy, LLC
280 Trumbull Street, 22nd Floor
Hartford, Connecticut 06103
(860) 278-5555
jhealy@cmdhlaw.com

*Pro Hac Vice Forthcoming*

_____
Brian R. Stimson
D.C. Bar No. 1657563
McDermott Will & Emery LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
bstimson@mwe.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*//s// James J. Healy (ct28447)*
James Healy
